1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9    FREDDY GUTIERREZ,                          1:10-cv-02194-DLB (HC)

10                   Petitioner,

11          v.                                  ORDER OF TRANSFER

12
     STATE OF CALIFORNIA,
13
                     Respondent.
14   _____/

15
16          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17   pursuant to 28 U.S.C. § 2254.

18          The federal venue statute requires that a civil action, other than one based on diversity

19   jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all

20   defendants reside in the same state, (2) a judicial district in which a substantial part of the events

21   or omissions giving rise to the claim occurred, or a substantial part of the property that is the

22   subject of the action is situated, or (3) a judicial district in which any defendant may be found, if

23   there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(b).

24          In this case, Petitioner challenges both the validity of his sentence and the execution of his

25   sentence.  The proper venue for challenging the validity of his sentence is the district court

26   containing the sentencing court, while the proper venue to challenge the execution of his sentence

27   is the district court containing the prison in which Petitioner is incarcerated.

28

1

1    Although Petitioner has filed in the proper district court to challenge the execution of his

2    sentence, this petition should be heard by the district court containing the sentencing court.

3    Under 28 U.S.C. section 2254, this Court does not have jurisdiction to hear claims relating to the

4    sentencing court where Petitioner was not sentenced in this district.  See 28 U.S.C. § 2241(d);

5    Local Rule 191(g).  Additionally, the resolution of Petitioner's claims involving the sentencing

6    court may render his remaining claims moot.

7    Petitioner is challenging a conviction from Los Angeles County, which is in the Central

8    District of California.  Therefore, the petition should have been filed in the United States District

9    Court for the Central District of California.  In the interest of justice, a federal court may transfer

10   a case filed in the wrong district to the correct district.  See 28 U.S.C. § 1406(a); Starnes v.

11   McGuire, 512 F.2d 918, 932 (D.C. Cir.1974).

12   Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United

13   States District Court for the Central District of California.

14

15

16   IT IS SO ORDERED.

17   **Dated:   December 15, 2010**                          **/s/ Dennis L. Beck**
                                                          UNITED STATES MAGISTRATE JUDGE
18

19

20

21

22

23

24

25

26

27

28